IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>S&O, LLC, d/b/a PARROT COVER WATER PARK,<br><br>Defendant. | ) | Case No. 25-1127-JWL |

**MEMORANDUM AND ORDER**

This diversity action comes before the Court on defendant's motion for summary judgment (Doc. # 36). For the reasons set forth below, the Court **denies** the motion.

## I. Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *See id.*

Summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *See Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## II. Analysis

This action arises from an accident that occurred on July 22, 2023, in which plaintiff, while visiting defendant water park, suffered an injury when his foot struck a steel water hose bib cover. Plaintiff alleges that the metal cover was not lying flush with the cement floor surface as it should have been; and in this action he claims that his injury was caused by defendant's negligence in allowing the cover to be in a dangerous condition and in failing to warn of that condition. In seeking summary judgment on plaintiff's negligence claim, defendant argues as a matter of law that it did not owe any legal duty to plaintiff under Kansas law[1] concerning the cover because there is no evidence that it had actual or constructive notice of the allegedly dangerous condition. Defendant relies on evidence that it had received no complaints about the condition of the cover and the lack of any evidence that its employees, who are to inspect the premises each day before opening as a matter of policy, noticed any issue with the cover on the day of the incident or previously.

---

[1] Because plaintiff suffered his injury in Kansas, the Court agrees with the parties that plaintiff's negligence claim is governed by the substantive law of Kansas. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (court applies the forum state's choice-of-law rules to determine which state's substantive law governs a claim); *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985) (under Kansas law, tort actions are governed by the law of the state in which the tort occurred).

Defendant concedes in its reply brief, however, that notice is not necessarily a required showing in a slip-and-fall case of this type under Kansas law. Kansas cases have recognized two classes of cases, as follows:

> [T]he liability of a proprietor of a business is predicated upon his superior knowledge concerning dangerous conditions and his failure to warn persons present of the risk. With respect to the necessity of proof that the proprietor of a store in which the plaintiff was injured in a fall on an interior floor had notice of the dangerous condition, the cases are divided into two classes: (1) injuries to customers caused by dangerous conditions negligently created or maintained by the proprietor or his servants, and (2) injuries due to dangerous conditions coming about through no active fault of the proprietor and not involving an instrumentality employed by him in the conduct of his business. Under the former, the condition is one which is traceable to the proprietor's own act, that is, a condition created by him or under his authority, or is one in which he is shown to have taken action, and proof of notice is unnecessary. Under the latter, where the floor has been made dangerous by the presence of an obstacle which is traceable to persons for whom the proprietor is not responsible, absent a condition created by himself, proof that the proprietor was negligent with respect to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that in the exercise of reasonable care he should have known of it.

*See Little v. Butner*, 186 Kan. 75, 81 (1960), *quoted in Jackson v. K-Mart Corp.*, 251 Kan. 700, 703 (1992); s*ee also Washington v. Topeka Rescue Mission*, 66 Kan. App. 2d 393, 395 (2026) (citing *Little* and noting the two classes of cases). The fact that notice is not necessarily required – and that defendant did not show as a matter of law in its original brief that notice is in fact required here – is enough to preclude summary judgment.

Defendant argues in its reply brief that the present case does not belong to the first class of cases – the one in which no notice is required – as a matter of law. The Court generally does not consider any argument raised for the first time in a reply brief. *See U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008)

(Lungstrum, J.) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)). This argument also fails on its merits, however, as a reasonable jury, viewing the facts in the light most favorable to plaintiff, could find that this case falls within the first class, that is, that plaintiff's injury was caused by a dangerous condition traceable to defendant's own acts, involving an instrumentality employed by defendant in the conduct of its business. Plaintiff has provided evidence that his injury was caused by his contact with a cover that was intended to lie flush against the cement floor; that defendant's employees used the covers every day before opening the park, opening and closing the covers to use hoses to wash down surrounding areas; and that defendant's policy required employees to inspect the premises each day prior to opening for potentially dangerous conditions, which conditions would include covers that were not lying flush with the cement. Thus, there is evidence that the alleged injury was caused by an instrumentality – the hose bib cover – within the control of defendant that was manipulated by defendant's employees every day, and not by some obstacle created by other persons.

Defendant cites its evidence that its employees conducted inspections of the premises every day, and it argues that a raised or open cover would have been noticed in such an inspection and thus must not have existed prior to opening – and thus the allegedly dangerous condition is not traceable to it. Defendant cites only the testimony of its corporate representative, however, who testified that although defendant had a policy that its employees would conduct daily inspections, the policy did not instruct employees specifically to inspect the hose bib covers. The representative further conceded that there was no documentation that inspections were actually performed on the day in question, and

that he had not spoken to any employees on duty that day to confirm that they actually inspected the particular cover. Thus, the evidence of a policy of inspection is not particularly persuasive. Moreover, that evidence is sufficiently controverted by plaintiff's evidence that after the accident the cover's latch was in the open position, 90 degrees of rotation from the closed position, as shown in a photograph of the cover after the accident. From that evidence and the evidence that defendant's employees used the covers every day before opening, a reasonable jury could conclude that an employee had failed to latch the cover closed to make sure the cover lay flush, and thus that the dangerous condition was caused by defendant's own affirmative act. Plaintiff has also submitted evidence that the cover, observed after the accident, was bent upwards and had sharp edges, and a reasonable jury could find that that damage would not have been caused by the accident itself and thus must have existed for a period of time – during which time, defendant's employees were charged with using and maintaining the covers and inspecting the premises.

Defendant challenges plaintiff's witnesses' qualifications to opine about whether the accident could have caused the particular conditions observed with respect to the cover. Their observations of the condition of the cover (confirmed by the photograph), however, provide sufficient factual evidence from which a jury could conclude that the damage to the cover was not caused by the accident itself. Defendant also insists that plaintiff's evidence consists of mere speculation based on post-accident evidence. Defendant has not cited any authority suggesting that such evidence would not be relevant here, however. The Court concludes that the testimony and photograph submitted by plaintiff provide evidence concerning the likely condition of the cover prior to the accident, and a reasonable

jury could certainly conclude, viewing the evidence in the light most favorable to plaintiff, that the contact of plaintiff's foot against the cover would not have caused the latch to revert to an open position and would not have caused the metal cover to have become bent upwards such that it could not lie flush with the cement.

Finally, even if defendant had shown as a matter of law that this case belongs to the second class of premises-liability cases, it would not prevail at this stage, as it has not shown as a matter of law that it lacked actual or constructive notice of a dangerous condition, in light of the same evidence discussed above. If a jury believed that the cover was bent upwards and not lying flush with the cement at the time of the accident – and the Court must assume that the jury is viewing such facts in the light most favorable to plaintiff – it could find that defendant should have known of that condition, either because its employee failed to latch the cover properly or through its mandated inspections and monitoring of conditions in the park. Accordingly, because the evidence viewed in plaintiff's favor is sufficient to allow a reasonable jury to find facts that would impose a duty on defendant, summary judgment is not warranted, and the Court denies the present motion.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for summary judgment (Doc. # 36) is hereby **denied**.

---

[2] Defendant also argues for the first time in its reply brief that plaintiff cannot establish the required elements of breach and causation. Again, however, the Court does not entertain new argument raised in a reply; and the same evidence discussed herein would defeat that argument at any rate.

IT IS SO ORDERED.

Dated this 24th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge